**LAW OFFICE OF CLARK OVRUCHESKY**
Clark Ovruchesky, Esq. (301844)
co@colawcalifornia.com
750 B. Street, Suite 3300
San Diego, California 92101
Telephone: (619) 356-8960

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*,
Mary Grace Radona

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY GRACE RADONA,**<br><br>Plaintiff,<br><br>v.<br><br>**USE CREDIT UNION, TRANS UNION LLC, and EQUIFAX INFORMATION SERVICES, LLC.**<br><br>Defendants. | Case No.:<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>2.) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**<br><br>3.) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff MARY GRACE RADONA ("Plaintiff"), through her attorneys, brings this lawsuit to challenge the actions of Defendants USE CREDIT UNION ("USE" or "Defendants"), TRANS UNION LLC ("Trans Union" or

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**                                                      PAGE 2 OF 18

"Defendants"), and EQUIFAX INFORMATION SERVICES, LLC. ("Equifax" or "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§

1785.1. et seq. ("CCCRAA"); and (iii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, in the State of California. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

14. Defendant USE is a corporation incorporated in the State of California.

15. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

16. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

17. Defendant USE is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. Plaintiff is informed and believes, and thereon alleges, that Defendant USE, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

19. Trans Union and Equifax are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## GENERAL ALLEGATIONS

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23. Furthermore, Defendants conducted business within the State of California at all times relevant.

24. On or about 2014, Plaintiff "co-signed" with her brother for an automobile loan from Defendant USE, Account Number: 8107086*.

25. Plaintiff's brother-in-law subsequently filed for a bankruptcy (the "Bankruptcy") and Defendant USE's account was implicated in the Bankruptcy.

26. Plaintiff never filed for a bankruptcy.

///

///

**FACTUAL ALLEGATIONS RE: TRANS UNION AND USE**

27. On or about November 2014, Plaintiff checked her Trans Union credit report and noticed Defendant USE reported the following derogatory and inaccurate language: "Included in bankruptcy."

28. Again, Plaintiff never filed for a bankruptcy.

29. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

33. Plaintiff subsequently called Defendant USE, and Defendant USE stated that the bankruptcy language on Plaintiff's credit reports would only be removed after Defendant USE received a copy of the "Reaffirmation Agreement," which was the official procedure Defendant USE took in resolving such

situations, even though Plaintiff never filed for a bankruptcy.

34. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

38. On or about December 2014, Plaintiff sent Defendant USE a copy of the "Reaffirmation Agreement."

39. However, in a follow-up conversation with Defendant USE on or about December 2014, Defendant USE told Plaintiff's brother's bankruptcy attorney that Defendant USE was in receipt of the "Reaffirmation Agreement" but the "Included in bankruptcy" language would only be removed after the U.S. Bankruptcy Court discharged the case.

40. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

44. In Plaintiff's credit report dated December 22, 2014, Defendants USE and Trans Union continued to report that Defendant USE's account was "ADVERSE" and "INCLUDED IN BANKRUPTCY."

45. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

48. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

49. Upon being notified that Defendant USE was reporting the inaccurate information to Plaintiff's credit report, Plaintiff disputed the alleged debt with Defendant Trans Union or about January 2015. In said dispute, Plaintiff informed Defendants that Plaintiff never filed for a bankruptcy and thus the "Included in bankruptcy" language should be removed from Plaintiff's credit report.

50. Despite receipt of the information supporting Plaintiff's claims, Defendant USE verified the inaccurate information and Defendant Trans Union continued to report said information.

51. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

52. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

53. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

54. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

55. Through this conduct, Defendant Trans Union violated 15 U.S.C. § 1681e by failing to utilize reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file.

56. Through this conduct, Defendant USE has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Trans Union, a consumer reporting agency, that Defendant USE knew or should known was inaccurate.

57. Due to Defendants' failure to investigate, Defendants failed to update Plaintiff's credit file with the correct information and continue to report inaccurate information in violation of the FCRA.

58. Defendants, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

///

///

59. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

60. Due to Defendants' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

61. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting of the Bankruptcy by communicating Plaintiff's dispute with Defendants were fruitless.

62. Defendants' continued inaccurate and negative reporting of the Bankruptcy in light of its knowledge of the actual error was willful.

63. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

64. By inaccurately reporting account information relating to the Bankruptcy after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FACTUAL ALLEGATIONS RE: EQUIFAX AND USE

65. On or about February 2015, Plaintiff checked her Equifax credit report and noticed Defendant Equifax reported the following derogatory and inaccurate status language: "Reaffirmation of Debt; Auto."

66. A reaffirmation of debt is associated with bankruptcies. More specifically, a reaffirmation agreement refers to an agreement made between a creditor and debtor, which waives the discharge of a debt.

67. Again, however, Plaintiff never filed for a bankruptcy. Thus, there was no reaffirmation agreement between Plaintiff and Defendant USE.

///

///

68. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

69. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

70. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

71. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

72. Upon being notified that Defendant USE was reporting the inaccurate information on Plaintiff's credit report, Plaintiff disputed the alleged debt with Defendant Equifax or about March 2015. In said dispute, Plaintiff informed Defendants that Plaintiff never filed for a bankruptcy and thus the "Reaffirmation of Debt; Auto" status language should be removed from Plaintiff's credit report.

73. On or about March 21, 2015, Plaintiff received Defendant Equifax's reinvestigation to Plaintiff's dispute and the "Reaffirmation of Debt; Auto" status language was removed.

74. However, Plaintiff checked her Equifax credit report again on or about April 2015 and noticed the following inaccurate and derogatory language was reporting once again: "Reaffirmation of debt."

75. Thus, despite receipt of the information supporting Plaintiff's claims, Defendants USE and Equifax continued to report said incorrect information.

76. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

77. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

78. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(8) by communicating credit information to the credit bureaus that is known or should be known to be false. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant USE has also violated Cal. Civ. Code § 1788.17.

79. Through this conduct, Defendant USE violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

80. Through this conduct, Defendant Equifax violated 15 U.S.C. § 1681e by failing to utilize reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file.

81. Through this conduct, Defendant USE has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax, a consumer reporting agency, that Defendant USE knew or should known was inaccurate.

82. Due to Defendants' failure to investigate, Defendants failed to update Plaintiff's credit file with the correct information and continue to report inaccurate information in violation of the FCRA.

83. Defendants, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

84. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

85. Due to Defendants' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

86. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting of the Bankruptcy by communicating Plaintiff's dispute with Defendants were fruitless.

87. Defendants' continued inaccurate and negative reporting of the Bankruptcy in light of its knowledge of the actual error was willful.

88. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

89. By inaccurately reporting account information relating to the Bankruptcy after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

///

///

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681 ET SEQ.

### [AGAINST ALL DEFENDANTS]

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

92. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

93. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

### COUNT II

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1 ET SEQ.

### [AGAINST DEFENDANT USE ONLY]

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

95. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

96. In the regular course of its business operations, Defendant USE routinely furnishes information to credit reporting agencies pertaining to transactions between USE and USE's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

97. Because Defendant USE is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), USE is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendant USE allegedly received all documents required to collect Plaintiff's alleged debt, Defendant USE should have also know that Plaintiff's alleged debt had been forgiven.

## COUNT III

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code § 1788, et seq.
### [AGAINST DEFENDANT USE ONLY]

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

99. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

100. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant USE.

///

///

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

Dated: April 20, 2015                    Respectfully submitted,

                                              **LAW OFFICE OF CLARK OVRUCHESKY**

                                              By: /s/ Clark Ovruchesky
                                                 CLARK OVRUCHESKY, ESQ.
                                                 ATTORNEY FOR PLAINTIFF

### TRIAL BY JURY

101. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 20, 2015                    Respectfully submitted,

                                              **LAW OFFICE OF CLARK OVRUCHESKY**

                                              By: /s/ Clark Ovruchesky
                                                 CLARK OVRUCHESKY, ESQ.
                                               ATTORNEY FOR PLAINTIFF